UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE,
TRAINING AND LABOR
MANAGEMENT COOPERATION
TRUST FUNDS OF THE
INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 14-
14B, AFL-CIO, by their Trustees Edwin
L. Christian, Christopher T. Confrey,
John Cronin, Joseph Byrne, Kenneth
Klemens, Jr., John F. O'Hare, Michael
Salgo and William Tyson, and
INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 14-
14B, AFL-CIO, by its Business Manager
Edwin L. Christian,

                    Plaintiffs,

          -against-

MORICHES CO., LLC,

                    Defendant.
-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
21-CV-5942 (LDH) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

The Annuity, Pension, Welfare, Training and Labor Management Cooperation

Trust Funds of the International Union of Operating Engineers Local 14-14B, AFL-CIO,

by their Trustees Edwin L. Christian, Christopher T. Confrey, John Cronin, Joseph

Byrne, Kenneth Klemens, Jr., John F. O'Hare, Michael Salgo and William Tyson, and

International Union of Operating Engineers Local 14-14B, AFL-CIO, by its Business

Manager Edwin L. Christian (collectively, "Plaintiffs"), initiated this action against

Defendant Moriches Co., LLC on October 26, 2021. (*See* Complaint ("Compl."), ECF No.

1.) Plaintiffs seek to compel an audit of Defendant's payroll records and to recover

delinquent employer benefit contributions and related relief pursuant to the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Currently pending before the Court are Plaintiffs' motion for default judgment, which the Honorable LaShann DeArcy Hall referred to the undersigned Magistrate Judge for a report and recommendation, as well as Plaintiffs' letter motion requesting withdrawal of the motion for default judgment and to set aside the previously entered certificate of default. (*See* Clerk's Entry of Default, ECF No. 8; Pls.' Motion for Default Judgment ("Mot. for Default J."), ECF No. 9; Jan. 20, 2022 ECF Order; Pls.' Letter Motion to Set Aside Default ("Letter Mot."), ECF No. 17.) The parties have also submitted a stipulation requesting to extend the time for Defendant to respond to Plaintiffs' complaint to May 2, 2022. (*See* Mar. 2, 2022 Stipulation, ECF No. 17-1.)

For the reasons set forth below, this Court respectfully recommends that (1) Plaintiffs' motion for default judgment be terminated in light of Plaintiffs' withdrawal; (2) the Clerk's Entry of Default be set aside; and (3) Defendant be directed to answer or otherwise respond to Plaintiffs' complaint on or before May 2, 2022.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motions. As noted, this action was commenced on October 26, 2021. (Compl., ECF No. 1.) On December 14, 2021, the Clerk of Court entered a certificate of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure due to Defendant's failure to appear or otherwise defend this action. (Clerk's Entry of Default, ECF No. 8.) Plaintiffs then moved for default judgment on December 15, 2021. (*See* Mot. for Default J., ECF No. 9; *see also* ECF Nos. 10, 11, 12, 13, 14.) On January 20, 2022, Judge DeArcy Hall referred Plaintiffs' motion to the

undersigned Magistrate Judge for a report and recommendation. (Jan. 20, 2022 ECF Order.)

On January 25, 2022, the Court scheduled a hearing on Plaintiffs' default motion for March 8, 2022. (Jan. 25, 2022 ECF Scheduling Order.) The Court also mailed formal written notice to Defendant at all available addresses. (*See* Feb. 4, 2022 Notice Order, ECF No. 16.) On March 2, 2022, before the scheduled hearing, Plaintiffs filed a letter motion seeking to set aside the default and representing that an attorney for Defendant had contacted Plaintiffs' counsel on or about February 7, 2022. (Letter Mot., ECF No. 17, at 1.) Plaintiffs further represented that Defendant had begun "cooperating with the production of the records needed to complete the audit procedures[.]" (*Id.*) In light of this development, Plaintiffs moved to withdraw the pending motion for default judgment, and "ask that the certificate of default issued on December 14, 2021 be rescinded." (*Id.* at 1–2.) In addition, the parties request that Defendant be provided until May 2, 2022 to answer or otherwise respond to Plaintiffs' complaint, as the parties work to amicably resolve this matter. (*Id.* at 2; *see also* Mar. 2, 2022 Stipulation, ECF No. 17-1.)[1]

## DISCUSSION

### I.    Legal Standards

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Evaluating "good cause" under Rule 55(c) is "left to the sound discretion of a district court." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). When determining whether to relieve a party from default, courts look to three main factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a

---

[1] Per Plaintiffs' request, the undersigned adjourned the March 8, 2022 motion hearing *sine die*. (Letter Mot., ECF No. 17, at 2; Mar. 7, 2022 ECF Order.)

meritorious defense is presented." *Id.* at 96; *see also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001); *G&G Closed Cir. Events, LLC v. Lopez*, No. 21-CV-7164 (KMK), 2022 WL 633875, at *1 (S.D.N.Y. Mar. 4, 2022). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

## II.    Analysis

Plaintiffs argue that good cause exists to set aside the default entered in this case because Defendant has retained counsel and is complying with Plaintiffs' request to conduct an audit. (*See* Letter Mot., ECF No. 17, at 2.) The parties also argue that providing time for Defendant to respond to the complaint will allow Defendant to present its defenses, should the case not be resolved before the proposed May 2, 2022 deadline. (*See id.*) Balancing the *Enron Oil* factors, the Court finds that good cause exists to grant Plaintiffs' letter motion.

First, Plaintiffs expressly acknowledge that rescission of the entry of default will not cause them any prejudice "since the initial relief sought in the Complaint, namely, the demanded audit, is being consented to by Defendant[.]" (Letter Mot., ECF No. 17, at 2.) In addition, in light of the procedural history thus far, the litigation will not be significantly delayed by the parties' request to provide Defendant until May 2, 2022 to respond to the complaint. Given that "prejudice to the nondefaulting party is 'the single most persuasive reason for denying a Rule 55(c) motion,'" the Court finds that this factor strongly supports a finding of good cause. *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12-CV-052 (JPO), 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013) (quoting 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2699 (3d ed. 2010)); *see also King v. Regen Med. Mgmt., LLC*, No. 20-CV-6050 (AJN), 2021 WL 4066598, at *2 (S.D.N.Y. Sept. 7, 2021) (finding good cause

to set aside default where, *inter alia*, the parties "have continued to litigate and engage in ongoing discovery" following plaintiff's filing of a motion for default judgment); *Certain Underwriters at Lloyd's London v. Mr. Demolition, Inc.*, No. 20-CV-1886 (PKC) (SMG), 2020 WL 9260214, at *4 (E.D.N.Y. Dec. 28, 2020) (finding no prejudice where delay would not result in the loss of evidence or create difficulties during discovery).

As for willfulness, it is unclear from the parties' submissions why Defendant did not initially respond to Plaintiffs' complaint, which was served on the New York Secretary of State on November 16, 2021. (*See* ECF No. 6.) However, the Court notes that an attorney for Defendant contacted Plaintiffs' counsel two months after the December 7, 2021 answer deadline; and just three days after the Court's mailing of notice to Defendant. (*See id.*; Feb. 4, 2022 Notice Order, ECF No. 16.) This timeline does not evidence the type of "egregious" or purposeful evasion that would support a finding of willfulness. *See S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (discussing the willfulness prong and observing that, in the default context, willfulness has been interpreted "to refer to conduct that is more than merely negligent or careless").

Finally, with respect to the existence of potentially meritorious defenses, the Court cannot evaluate this factor at this stage, as Defendant has yet to formally appear and file an answer. However, considering the totality of the record, "'it is hard to see how Defendant[']s conduct demonstrates such willful conduct or prejudice to Plaintiff[s] that [their] motion to set aside the Clerk's Certificate of Default should be denied.'" *G&G Closed Cir. Events, LLC*, 2022 WL 633875, at *2 (alterations omitted) (quoting *AIP Asset Mgmt. Inc. v. Ascension Tech. Grp. Ltd.*, No. 16-CV-9181, 2017 WL 448963, at *1 (S.D.N.Y. Jan. 19, 2017)).

## CONCLUSION

For the reasons discussed above, the Court recommends that Plaintiffs' motion for default (ECF No. 9) be terminated in light of Plaintiff's withdrawal, that the Clerk's Entry of Default (ECF No. 8) be set aside, and that Defendant's time to answer or otherwise respond to Plaintiffs' complaint be extended to May 2, 2022. (*See* ECF No. 17-1.) Plaintiffs are respectfully directed to serve a copy of this Report and Recommendation on Defendant as soon as practicable, and no later than **March 30, 2022**.

*   *   *   *   *

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated:    Brooklyn, New York
          March 25, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE